# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| David Swickheimer, | : | Case No. 2:19-CV-03706 |
| | : | |
| Plaintiff, | : | |
| | : | Judge James L. Graham |
| vs. | : | |
| | : | Magistrate Judge Chelsey M. Vascura |
| Best Courier, Inc., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MOTION TO DISMISS BY DEFENDANT JOE ECKART

Defendant Joe Eckart moves this Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all claims against Mr. Eckart because Plaintiff David Swickheimer's Complaint fails to state a valid claim for relief against Mr. Eckart. Specifically, Plaintiff's Complaint provides insufficient factual allegations to support Plaintiff's claim that Mr. Eckart is, individually, an employer of Plaintiff. The reasons in support are more fully explained in the attached Memorandum in Support.

Respectfully Submitted,

*/s/ Daniel J. Bennett*
Katherine C. Ferguson (0079207)
Daniel J. Bennett (0079932)
Lindsay M. Nelson (0095560)
Kooperman Mentel Ferguson Yaross, Ltd.
100 S. 4th Street, Suite 100
Columbus, Ohio 43215
(614) 344-4800
(614) 344-4801 FAX
kferguson@kmfylaw.com
dbennett@kmfylaw.com
lnelson@kmfylaw.com
*Counsel for Defendants*

<u>**MEMORANDUM IN SUPPORT**</u>

**I.      INTRODUCTION.**

Plaintiff's wage-and-hour claims against individual Defendant Joe Eckart should be dismissed because Plaintiff has failed to plead sufficient facts establishing that Mr. Eckart, on an individual basis, is an "employer" under the FLSA or Ohio Constitution Art. II Sec. 34a.  Plaintiff has only made two specific allegations against Mr. Eckart:  (1) that he owns Best Courier, Inc. and (2) a conclusory allegation that Mr. Eckart is an "employer," as defined by applicable statutes.

More is needed to drag an individual officer of a business into a wage-and-hour lawsuit. In the Sixth Circuit, in order to impose individual liability on an owner or officer of a company for wage-and-hour violations, a Plaintiff must demonstrate that the individual has "operational control" over the business under the "economic realities" test.  Completely absent from Plaintiff's Complaint are any allegations that Mr. Eckart exercised such control to a degree meeting the applicable standard.  Moreover, Plaintiff's drafting tactic of commingling Mr. Eckart and Best Courier into one undifferentiated entity (e.g., defining each as, collectively, "Defendants") has been rejected by other courts.  Indeed, to allow such a tactic to work would essentially eliminate the obligation of a plaintiff to provide specific factual content supporting wage-and-hour claims against an owner or officer of the business.

**II.     ALLEGATIONS IN THE AMENDED COMPLAINT.**

Defendant Best Courier, Inc. ("Best Courier") is a courier company that has operated within the Columbus area since 1987.  Plaintiff is a former driver for Best Courier.  At the outset of Plaintiff's relationship with Best Courier, Plaintiff signed an "Independent Contractor Agreement" where Best Courier agreed to pay Plaintiff 55% of gross delivery receipts for completed deliveries.  *Plaintiff's Class and Collection Action Complaint*, <u>Doc #1</u> (the "Complaint"), ¶24.  However, in this action Plaintiff is alleging that he (and Best Courier's other

drivers) have been misclassified by Best Courier as independent contractors and are in fact employees entitled to minimum wage and overtime under the FLSA and Ohio's counterpart statutes.  *Id.* at ¶19-20.  Plaintiff alleges that the "defendants" violated these statutes by failing to pay minimum wage and overtime when due.  *Id.*

Plaintiff brings his wage-and-hour claims against both Best Courier and Mr. Eckart, individually.  Plaintiff alleges that Mr. Eckart is "[u]pon information and belief…an owner, CEO and President of Defendant Best Courier, Inc." (*Id.* at ¶7).  Besides that allegation, there is only one more paragraph devoted to any specific allegations with respect to Mr. Eckart – Paragraph 12 of the Complaint alleges that Mr. Eckart "is an employer pursuant to 29 U.S.C. § 203(d) in that he is a 'person [who] act[ed] directly or indirectly in the interest of an employer,' Defendant Best Courier, Inc., 'in relation to employees'" and that he "had operational control over significant aspects of Best Courier's day-to-day functions, including compensation of employees."

This allegation is nothing but a legal conclusion that Mr. Eckart is an employer and then a recitation of the basic legal standard in the Sixth Circuit for finding that an individual is an "employer" under the FLSA.  The Complaint provides no specific factual allegations as to how Mr. Eckart had operational control over Best Courier, in fact, there are no additional allegations in the Complaint specifically mentioning Mr. Eckart *at all*.  Plaintiff does provide numerous references to "defendants" throughout the Complaint, but Plaintiff does so by combining Mr. Eckart and Best Courier into one undifferentiated entity, usually "Defendants."  *E.g., Complaint*, P. 1 ("Plaintiff David Swickheimer, by and through counsel, for his Class and Collective Action Complaint against Defendants Best Courier, Inc. and Joe Eckart (hereinafter collectively referred to as 'Defendants' or 'Best Courier'), states and alleges the following:").  So rather than providing any facts demonstrating Mr. Eckart's operational control of Best Courier, Plaintiff's Complaint

essentially assumes that Mr. Eckart is an employer and then treats Mr. Eckart and Best Courier as one and the same.

## III.    LAW & ARGUMENT.

### A.    Legal Standard Governing Motions to Dismiss.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain facts that "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).   Facial plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.  A court is "not bound to accept as true a legal conclusion couched as a factual allegation" or "unwarranted factual inferences." *Id.; Zaluski v. Un. Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008). And pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* at 557.

### B.    Plaintiff Has Alleged No Factual Basis Establishing Any of the Factors Under the Sixth Circuit's "Economic Reality" Test for Determining Individual Liability under the FLSA.

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).   The FLSA's definition of "employer" also applies to wage and hour claims under Ohio law.  E.g., *Wise v. T-Man, LLC*, 2016 U.S. Dist. LEXIS 84349, *12 (N.D. Ohio).

In determining whether an individual is liable as an "employer" under the FLSA, courts within the Sixth Circuit and elsewhere apply the "economic realities" test.  *E.g., United States DOL v. Cole Enters.*, 62 F.3d 775, 778 (6th Cir. 1995).  Under this test, the analysis relates to the

amount of control the individual has over the entity.  Specifically, "Sixth Circuit caselaw has established that to be classified as an employer, it is not required that a party have exclusive control of a corporation's day-to-day functions. However, the party must have operational control of significant aspects of the corporation's day to day functions." *Wise*, 2016 U.S. Dist. LEXIS 84349, at *13.

The "economic reality" standard, however, is not a precise test susceptible to formulaic application. *Donovan v. Brandel*, 736 F.2d 1114, 1116 (6th Cir. 1984).  It prescribes a case-by-case approach, whereby the court considers the "circumstances of the whole business activity." *E.g., Dunlop v. Dr. Pepper-Pepsi Cola Bottling Co. of Dyersburg, Tenn.*, 529 F.2d 298, 301 (6th Cir. 1976) (stating that in applying the economic reality standard, "the authoritative decisions require that the courts consider the total relationship rather than isolated factors.").  Relevant factors to consider may include "whether the plaintiff is an integral part of the operations of the putative employer; the extent of the plaintiff's economic dependence on the defendant; the defendant's 'substantial control of the terms and conditions of the work' of the plaintiff; the defendant's authority to hire or fire the plaintiff; and whether the defendant maintains the plaintiff's employment records and establishes the rate and method of payment." *Ellington v. City of E. Cleveland*, 689 F.3d 549, 555 (6th Cir. 2012) (citations omitted).

Plaintiffs' Complaint simply provides no specific allegations with respect to the amount of control Mr. Eckart exerted over Best Courier.  Again, under *Twombly*, the Court must differentiate between allegations that establish the mere "possibility" of entitlement to relief versus allegations that actually create "plausibility" for relief.  The only allegations in the Complaint that specifically identify Mr. Eckart (1) allege that he is the owner of Best Courier and (2) states in conclusory fashion that Mr. Eckart is an employer under the FLSA and controls Best Courier.  *Plaintiff's*

*Complaint*, ¶7 and ¶12. In order to conclude that these allegations are sufficient state a claim against Mr. Eckart, the Court would essentially be crafting a de facto rule that, at least in the context of the analysis under FRCP 12(b)(6), that an owner of an entity is automatically subject to liability as an employer under the FLSA.

Rather than specifically identify Mr. Eckart's involvement in the day-to-day affairs of Best Courier, Plaintiff's Complaint adopts a pleading tactic where Best Courier and Mr. Eckart are defined together as "Best Courier" or "Defendants." *Id.* at P. 1. This pleading tactic effectively demonstrates the pleading deficiency – there are necessarily no allegations discussing Mr. Eckart's control over Best Courier in the Complaint because Plaintiff has defined Mr. Eckart the person and Best Courier the business as one being. Moreover, this pleading short-cut has been rejected as being insufficient to plead sufficient facts to establish individual liability for an owner under the FLSA. *Vasto v. Credico (USA), LLC*, 2016 U.S. Dist. LEXIS 101875, *15 (S.D.N.Y.).

*Vasto*, while a case outside the Sixth Circuit, is remarkably similar to this matter. The plaintiffs in *Vasto* brought an FLSA action against the business and its president individually. The president moved to dismiss the complaint against him based on the plaintiffs' failure to plead sufficient facts demonstrating individual liability as an employer under the FLSA per the "economic realities" test. Although the plaintiffs in *Vasto* offered the conclusory allegation, like Plaintiff here, that the president "exercised control over day-to-day operations," of the company, the complaint supplied no additional factual basis with respect to the president's duties for the company:

> [T]he [Complaint]…does not allege that Young (1) had the power to hire or fire agents, (2) supervised or controlled the agents' work schedules or conditions of employment, (3) determined the rate and method of employment or (4) maintained employment records….Equally significant, the [Complaint] does not plead any facts that would permit the Court to infer that Young had "operational control" over "employment-related factors such as workplace conditions and operations,

> personnel, or compensation."…[The Complaint] does not allege that Young "exercised financial control over" Credico or any of its ISOs. Nor does it allege that he possessed control over managerial staff or instructed them on matters concerning employment practices. Indeed, the [Complaint] contains no allegations whatsoever as to the scope of Young's power and duties as President.

*Id.* at *17-18 (citations omitted). The court in *Vasto* provided the above analysis after specifically noting that the allegations of the complaint "contain[] a number of allegations regarding 'defendants' as an undifferentiated collective." *Id.* at *15. Ultimately, the court granted the president's motion to dismiss, concluding that to do otherwise "would create de facto liability for high-level corporate officers any time a corporation violated the FLSA." *Id.* at *21.

Counsel for Mr. Eckart is aware of cases from within the Sixth Circuit that include statements to the effect that "being the 'top man' at a corporation that functions for an individual's profit is sufficient to impose FLSA liability." *E.g, Dole v. Elliot Travel & tours, Inc.*, 942 F.2d 962, 966 (6th Cir. 1991); *Hatmaker v. Pj Ohio, LLC*, 2019 U.S. Dist. LEXIS 50403 (S.D. Ohio). *Dole*, the first case from within the Sixth Circuit using this phrase, involved an appeal of the trial court granting a summary judgment motion. Accordingly, the actual facts establishing the owner's operational control of the business were before the court. *Dole* did not create a bright-line rule establishing de facto liability for owners and officers of an entity for FLSA violations. In fact, the standard articulated by the Sixth Circuit in *Dole* to establish individual liability for FLSA violations was no different than the "economic realities" applied inside and out of the Sixth Circuit and discussed above – i.e., that the individual must have "operational control of *significant aspects* of the corporation's day to day functions." *Dole*, 942 F.2d at 966 (emphasis in original). Indeed, any bright-line rule automatically imposing liability on a company's owners would represent a significant departure from the text of the FLSA and the standards articulated by Sixth Circuit with

respect to the "economic reality" test, and thus, in the context of a motion to dismiss, the pleading standards articulated by the U.S. Supreme Court in *Twombly*.

## IV.     CONCLUSION.

Put simply, Plaintiff's allegations against Mr. Eckart fail to satisfy minimum modern pleading requirements because they are mere conclusions that regurgitate the standard for individual liability under the FLSA.  With no factual detail alleging Mr. Eckart's operational control over Best Courier within the Complaint, the claims against Mr. Eckart must be dismissed.

Respectfully Submitted,

*/s/ Daniel J. Bennett*
Katherine C. Ferguson (0079207)
Daniel J. Bennett (0079932)
Lindsay M. Nelson (0095560)
Kooperman Mentel Ferguson Yaross, Ltd.
100 S. 4th Street, Suite 100
Columbus, Ohio 43215
(614) 344-4800
(614) 344-4801 FAX
kferguson@kmfylaw.com
dbennett@kmfylaw.com
lnelson@kmfylaw.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Daniel J. Bennett*
Daniel J. Bennett