# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DAVID SWICKHEIMER,** | : |
| on behalf of himself and all others similarly situated, | : Case No. 2:19-cv-3706 |
| Plaintiff, | : **JUDGE GRAHAM** |
| v. | : **MAGISTRATE JUDGE VASCURA** |
| **BEST COURIER, INC.,** *et al.,* | : |
| Defendants. | : |

## OPINION AND ORDER

Plaintiff David Swickheimer brings this action, on behalf of himself and all others similarly situated, against Defendants Best Courier, Inc. and Joe Eckart under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and Ohio's counterpart statutes. This matter is presently before the Court concerning the Motion to Dismiss by Defendant Joe Eckart. (ECF No. 8.) For the reasons that follow, Defendant Joe Eckart's motion is **DENIED**.

## I.  BACKGROUND

Plaintiff's allegations are taken as true for purposes of this motion. Plaintiff is a former delivery driver for Defendant Best Courier, Inc. ("Best Courier"), where he worked approximately fifty-plus hours a week. (Compl. ¶ 16, ECF No. 1 at 4.) Plaintiff alleges that Defendant Best Courier unlawfully misclassified Plaintiff and other drivers as independent contractors, and in doing so, Defendants Best Courier and Joe Eckart violated the FLSA and Ohio's equivalent statutes by failing to pay them the applicable minimum wage and qualifying overtime compensation. (*Id.* at ¶¶ 19–20.) Defendant Joe Eckart moves this Court to dismiss Plaintiff's

1

Complaint against him for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## II.     STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir.2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). Nevertheless, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford the plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint," a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc.*, 491 Fed. App'x. 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

## III.    DISCUSSION

Defendant Eckart argues that Plaintiff's Complaint fails to provide sufficient factual allegations to support his claim that Defendant Eckart is, individually, Plaintiff's employer under the FLSA.

The FLSA broadly defines "employer" to "include[] any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d).  The Sixth Circuit recognizes that the FLSA contemplates that "'more than one employer can be simultaneously responsible for FLSA obligations.'" *Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994) (quoting *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 965 (6th Cir. 1991)).

The test used to determine whether a person is an "employer" responsible for FLSA obligations is one of "economic reality."  *United States Dep't of Labor v. Cole Enters.,* 62 F.3d 775, 778 (6th Cir. 1995) (citing *Fegley,* 19 F.3d at 1131). "'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'"  *Elliott Travel,* 942 F.2d at 962 (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).  Specifically, "[o]ne who is the chief executive officer of a corporation, has a significant ownership interest in it, controls significant functions of the business, and determines salaries and makes hiring decisions has operational control and qualifies as an 'employer' for the purposes of FLSA." *Cole Enters.,* 62 F.3d at 778; *see Elliott Travel,* 942 F.2d at 965 (finding that "corporate officers with a significant ownership interest who had operational control of significant aspects of the corporation's day to day functions, including compensation of employees" were employers under the FLSA).

Here, Plaintiff's Complaint alleges that Defendant Eckart is the President and CEO of Defendant Best Courier and "had operational control over significant aspects of Best Courier's day-to-day functions, including the compensation of employees." (Compl. ¶¶ 7, 12.)  Plaintiff further alleges that each of the Defendants were "employers of Plaintiff" and "exercised the power to hire or fire drivers; supervised and controlled the drivers' work schedules or conditions of

employment; determined drivers' rates and methods of payment; and maintained or were required to maintain records, including employment records." (*Id.* at ¶ 15.)

Defendant Eckhart argues that Plaintiff fails to specify how he had operational control over Defendant Best Courier. Defendant Eckart further contends that by not distinguishing between the two Defendants, Plaintiff's pleading is deficient in providing factual allegations to support Defendant Eckart's individual liability. The Court disagrees.

Here, Plaintiff alleges that Defendant Eckart is the President and CEO of Defendant Best Courier, had operational control over employees' compensation, had the authority to hire and fire, supervised and controlled employee work schedules, and determined rates and methods of payment to drivers. These facts are consistent with those discussed in the numerous Sixth Circuit cases cited within this opinion, and courts within this circuit have time and again found similar facts sufficient to establish employer liability for purposes of the FLSA. *Bey v. WalkerHealthCareIT, LLC*, No. 2:16-cv-1167, 2018 U.S. Dist. LEXIS 72819, at *17 (S.D. Ohio May 1, 2018) (collecting cases).

Construing the complaint in the light most favorable to Plaintiff and accepting its allegations as true, the Court finds that Plaintiff has adequately plead that Defendant Eckart is an "employer" for purposes of FLSA liability.

**IV. CONCLUSION**

For the foregoing reasons, Defendant Joe Eckart's motion to dismiss (ECF No. 8) is **DENIED**.

**IT IS SO ORDERED.**

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: September 11, 2020

4