UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID SWICKHEIMER,

      Plaintiff,

v.                                    Civil Action 2:19-cv-3706
                                         Judge James L. Graham
                                       Magistrate Judge Chelsey M. Vascura

BEST COURIER, INC., *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court on the parties' Joint Status Report (ECF No. 63) and the Court's September 14, 2021 Show Cause Order (ECF No. 60).  For the following reasons, the undersigned **RECOMMENDS** that the following opt-in plaintiffs' claims be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute: (1) Richard Palma, (2) Mark Henry, (3) Angela Terry, (4) Maurice O'Bannon, and (5) Faisal Adan.

### I.

After the parties reported that five opt-in Plaintiffs—(1) Richard Palma, (2) Mark Henry, (3) Angela Terry, (4) Maurice O'Bannon, and (5) Faisal Adan—failed to participate in discovery as required by the Federal Rules and previous orders of this Court, the Court issued a Show Cause Order ordering these individuals to show cause within 14 days why their claims should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. (ECF No. 60.)  In addition, the Court ordered counsel for the parties to jointly advise the Court

as to the status of the opt-in plaintiffs' discovery responses after the expiration of that 14-day period. (*Id.*) On October 10, 2021, counsel filed a Joint Status Report representing that the opt-in Plaintiffs referenced in the Show Cause Order neither took action to participate in discovery nor responded to their counsel's attempts to reach them. (ECF No. 63.)

## II.

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of their failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962).

A district court has the authority to dismiss an action under Rule 41(b) when it has put a party "on notice that further noncompliance would result in dismissal." *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988); *see also Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted). The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III.

Here, the opt-in plaintiffs at issue have failed to respond to discovery or this Court's Show Cause Order. Significantly, the Court's September 14, 2021 Show Cause Order put these opt-in plaintiffs on notice that their claims could be dismissed if they failed to respond. (ECF No. 60.) The opt-in plaintiffs' failure to comply with Court orders, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"); *see also Hughes v. Gulf Interstate Field Serv., Inc.*, No. 2:14-cv-432, 2015 WL 8331980, at *2–3 (S.D. Ohio Dec. 9, 2015) *report and recommendation adopted,* 2016 WL 183566 (S.D. Ohio, Jan. 14, 2016) (recommending dismissal of opt-in plaintiffs who failed to respond to discovery and failed to respond to outreach from counsel; collecting cases). Because these opt-in Plaintiffs have missed deadlines and ignored Court orders, the undersigned concludes that no alternative sanction is appropriate.

The undersigned therefore **RECOMMENDEDS** that the five above-listed opt-in plaintiffs' claims be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within 14 days of the date of this Report, file and serve on all parties written objections to those specific

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE