## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **DAVID SWICKHEIMER,** | : |
| on behalf of himself and all others similarly situated, | : **Case No. 2:19-cv-3706** |
| Plaintiff, | : **JUDGE GRAHAM** |
| v. | : **MAGISTRATE JUDGE VASCURA** |
| **BEST COURIER, INC.,** *et al.,* | : |
| Defendants. | : |

## OPINION AND ORDER

This matter is before the Court on the parties' motion captioned, "Joint Motion for Approval of Settlement" (ECF No. 68). For the reasons that follow, the parties' joint motion is **GRANTED in part and DENIED in part as amended by this Opinion and Order**.

**I.    BACKGROUND**

On August 26, 2019, Named Plaintiff David Swickheimer commenced this action on behalf of himself and other delivery drivers similarly situated against Defendants Best Courier, Inc. and Joe Eckart under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the Ohio Constitution, and Ohio's wage-and-hour statutes. (ECF No. 1.)  Plaintiff alleges that Best Courier unlawfully misclassified Plaintiff and other drivers as independent contractors, and in doing so, Defendants Best Courier and Joe Eckart violated the FLSA and Ohio's counterpart statutes by failing to pay them the applicable minimum wage and qualifying overtime compensation. (*Id.* at ¶¶ 19–20.)

On October 18, 2019, Eckhart moved to dismiss Plaintiffs' claims against him (ECF No. 8), Plaintiffs opposed the motion (ECF No. 9), and the Court ultimately denied Eckhart's motion to dismiss (ECF No. 34).

On March 23, 2020, the Court ordered the parties to resubmit a proposed notification and consent form that reflected putative plaintiffs' right to select counsel of their own choosing. (ECF No. 15.)

On April 1, 2020, the Court granted the parties' March 27, 2020 Joint Motion for Approval of Revised Proposed Notice to Potential Opt-In Plaintiffs and Opt-In Consent Form Pursuant to the Court's Order (ECF No. 17), subject to further changes outlined in the Court's Order. (ECF No. 19.)

On November 1, 2021, the Court adopted Magistrate Judge Vascura's Report and Recommendation that five non-responsive opt-in Plaintiffs' claims be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. (ECF No. 67.)

On December 10, 2021, the parties filed their Joint Motion for Approval of Settlement. (ECF No. 68.) The parties' proposed settlement agreement provides the five remaining opt-in Plaintiffs with 91% of the damages calculated at the parties' August 25, 2020 mediation. (*Id.* at 364; Ex. A, ECF No. 68-3 at 389.) The parties' proposed settlement agreement also provides that Plaintiffs' counsel shall receive $33,991.15 in attorneys' fees and reimbursement of $1,007.85 in litigation costs. (ECF No. 68-1 at 379.)

Plaintiffs' counsel has submitted detailed billing records and a supplemental declaration in support of the claimed hours worked on this case and their associated hourly rates. The Court now assesses whether the attorneys' fees sought are reasonable.

## II. STANDARD OF REVIEW

Under 29 U.S.C. § 216(b), prevailing plaintiffs in a Fair Labor Standards Act ("FLSA") action are entitled to recover reasonable attorneys' fees and the costs of the action. An attorney's fee is reasonable if it is "adequately compensatory to attract competent counsel yet . . . avoids producing a windfall for lawyers." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 619 (6th Cir. 2007). The starting point for a "reasonable" attorney's fee determination is the lodestar calculation, which is the product of the number of hours an attorney reasonably spent on the case times a reasonable hourly rate. *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004). The district court may then adjust that amount depending on the circumstances of the particular case. *Id.*

"To justify an[] award of attorneys' fees, the party seeking compensation bears the burden of documenting its work." *Gonter*, 510 F.3d at 617. The party requesting a fee award "should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

## III. DISCUSSION

### A. Settlement Approval

The parties' joint motion asks the Court to approve, as fair and reasonable, the proposed FLSA Collective Settlement reached by the parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement") attached to the joint motion as Exhibit 1[1] (ECF No. 68-1) and Individual Payments Allocation Schedule attached as Exhibit 3 (Exhibit A to the Settlement Agreement) (ECF No. 68-3).

---

[1] All terms used in this Opinion and Order shall have the same meaning as defined in the parties' Agreement.

The total settlement amount is $70,000 and covers: (a) Settlement Payments to Named Plaintiff and Settlement Opt-In Plaintiffs distributed as provided in the Individual Payments Allocation Schedule attached as Exhibit A to the Settlement Agreement; (b) Service Award to Named Plaintiff David Swickheimer; and (c) Plaintiffs' Counsel's attorneys' fees and reimbursed litigation costs and expenses.

The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  The Court finds that the Settlement Agreement resulted from arms-length negotiations between experienced counsel after substantial investigation.  Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Named Plaintiff and the Settlement Opt-In Plaintiffs.  The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement Agreement; and the experience and views of counsel.

The Court approves the Settlement Agreement and Individual Payments Allocation Schedule, and orders that the Settlement Agreement be implemented according to its terms and conditions and as directed herein.

The Court finds that the Total Settlement Amount, as well as the proposed distributions to the Plaintiffs as listed in the Individual Payments Allocation Schedule, are fair and reasonable. The Court approves the Individual Payments Allocation Schedule and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

The Court approves the proposed $5,000 service award to Named Plaintiff David Swickheimer, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

The Court amends the portion of the settlement amount paid to Plaintiffs' counsel for attorneys' fees as detailed below.

### B. Attorneys' Fees

"Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." *Perdue v. Kenny A.*, 559 U.S. 542, 558 (2010). Here, Plaintiffs' counsel seeks $33,991.15 in fees and $1,007.85 in expenses for a total attorneys' fees and costs payment of $34,999.00. (ECF No. 68-1 at 379.) Three attorneys billed on this matter and submit that their experience and expertise, along with the results achieved justify these amounts.

#### 1. Lodestar Method

The Court uses the lodestar method in determining reasonable attorneys' fees. This method multiplies a reasonable hourly rate by the number of hours reasonably expended on the litigation. Because of its objectivity, "there is a strong presumption that the lodestar figure is reasonable." *Perdue,* 559 U.S. at 554. The reasonable hourly rate should be determined according to "the 'prevailing market rate[s] in the relevant community.'" *Adcock-Ladd v. Sec'y of Treasury,* 227 F.3d 343, 350 (6th Cir. 2000) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 (1984)). The reasonable number of hours will not include "hours that are excessive, redundant, or otherwise unnecessary." *Hensley,* 461 U.S. at 434. The lodestar method is designed to attract competent counsel to vindicate a person's rights but is not designed to serve as a windfall for attorneys. *Coulter v. Tenn.,* 805 F.2d 146, 149 (6th Cir. 1986).

#### 2. Reasonable Hourly Rates

Three attorneys represented Plaintiffs in this matter on a contingency fee basis. Plaintiffs' supplemental declaration and itemized billing statements show that Attorney Joseph F. Scott billed 69 hours at an hourly rate of $475, Attorney Ryan A. Winters billed 81.6 hours at an hourly rate of $385, and Attorney Kevin M. McDermott II billed 186.5 hours at an hourly rate of $350 per hour. These hourly rates times the number of claimed hours totals $129,466.00. Plaintiffs' counsel then uses a multiplier of 0.26 to arrive at a total of $33,991.15.[2]

"A trial court, in calculating the reasonable hourly rate component of the lodestar computation, should initially assess the prevailing market rate in the relevant community." *Adcock-Ladd,* 227 F.3d at 350 (internal quotation marks and emphasis omitted). The court looks to the rate "which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court." *Id.* Comparable skill and experience mean "attorneys with similar experience representing plaintiffs in wage and hour litigation." *Snide v. Disc. Drug Mart, Inc.*, No. 1:11-cv-244, 2013 U.S. Dist. LEXIS 165584, *22 (N.D. Ohio Oct. 30, 2013). A court may also "consider a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience from handling similar requests for fees." *Miller v. Food Concepts Int'l, LP*, No. 2:13-CV-00124, 2017 U.S. Dist. LEXIS 186836, at *10 (S.D. Ohio Nov. 13, 2017) (quoting *Northeast Ohio Coalition v. Husted*, No. 2:06-cv-896, 2014 U.S. Dist. LEXIS 137320, 2014 WL 4829597, at *12 (S.D. Ohio Sept. 29, 2014) (vacated in part on other grounds)).

This Court relies on the hourly rates listed in the Ohio State Bar Association's report entitled *The Economics of Law Practice in Ohio in 2019* (the "OSBA Report") to assess the reported rates for Ohio attorneys, separated into numerous categories, such as practice area, geographic region, and years of experience.

---

[2] Using the same multiplier, the Court instead arrives at $33,661.16.

All three attorneys submit that their hourly rates are reasonable, because upon cross-checking them with *The Economics of Law Practice in Ohio in 2013*, their "rates fall between the 75th and 95th percentiles as provided in the closest available category for of "Trial Practice, not PI (General Civil)" and "also fall between the 75th and 95th percentiles for categories under Downtown Cleveland office location." (ECF No. 68-4 at 403.)

Here, the prevailing market rate in the relevant community is downtown Columbus, not Cleveland, because the "'prevailing market rate' is that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record, rather than foreign counsel's typical charge for work performed within a geographical area wherein he maintains his office and/or normally practices." *Adcock-Ladd*, 227 F.3d 343 at 350. Moreover, this Court has found that the more applicable practice area for wage and hour litigation is the labor law practice area. (*See, e.g.*, *Smith v. Hillstone Healthcare,* Case No. 2:17-1075, ECF No. 104 at 1107.) Using these factors as applied to the more current 2019 OSBA Report, the Court makes the following determinations.

Mr. Scott seeks an hourly rate of $475. He suggests that his thirty-six years of experience should qualify him for this rate, because this is in line with what other attorneys with similar experience, expertise, office location, and successes in the same practice area have received.

The Court finds that an hourly rate of $400 is more appropriate and will apply that rate to Mr. Scott's hours. The Court makes its finding based in part on the median rates reported by the OSBA Report for the following categories: the downtown Columbus market ($300), lawyers with 36+ years of experience ($250), firms like the Scott & Winters law firm with 3 to 6 lawyers ($250), and the labor law practice ($250). The Court has also considered its own experience with attorneys' fee awards in FLSA cases, familiarity with the local legal market, the result achieved

for Plaintiffs, and this Court's previous approval of Mr. Scott's hourly rate of $400 in *Jones v. Home Care Assistance of Cent. Ohio, LLC*, No. 2:18-cv-01342, 2019 U.S. Dist. LEXIS 213145, at *3 (S.D. Ohio Dec. 9, 2019), the most recent case highlighted by counsel for the Court's consideration of reasonable hourly rates.  An hourly rate of $400 also places Mr. Scott above the 75th percentile for the downtown Columbus market.

Mr. Winters has practiced for eleven years and seeks an hourly rate of $385.  The Court finds that $350 per hour is a more reasonable rate.  The Court makes this determination based on the median rates listed in the OSBA Report for the downtown Columbus market ($300), lawyers with 11 to 15 years of experience ($250), firms like the Scott & Winters law firm with 3 to 6 lawyers ($250), and the labor law practice ($250).  The Court also bases this determination on its own experience in FLSA matters and the Court's previous approval of Mr. Winter's hourly rate of $350 in *Jones,* U.S. Dist. LEXIS 213145, at *3.

Mr. McDermott has practiced for eight years and seeks an hourly rate of $350.  The Court finds that $275 per hour is a more reasonable rate in light of Mr. McDermott's experience, the Court's own experience in FLSA cases, the OSBA median rate for attorneys with 6 to 10 years of practice ($215), firms like the Scott & Winters law firm with 3 to 6 lawyers ($250), and the labor law practice ($250).  This determination is also consistent with the Court's previous approval of Mr. McDermott's hourly rate of $275 in *Jones,* U.S. Dist. LEXIS 213145, at *3.

    **3.**    **Reasonable Hours Billed**

The second part of the lodestar method requires the Court to determine the reasonable number of hours expended.  "[T]he prevailing party's lawyer should be the first gatekeeper in this task, exercising the same billing judgment she would with one's client." *Hines v. DeWitt,* 2:13-CV-1058, 2016 WL 2342014, at *4 (S.D. Ohio May 4, 2016) (citing *Hensley,* 461 U.S. at 434).  The Court's focus is on "mixed questions about whether the lawyer used poor judgment in

spending too many hours on some part of the case or by unnecessarily duplicating the work of co-counsel." *Coulter,* 805 F.2d at 151. Hours which are excessive, redundant, or otherwise unnecessary will not be counted. *Hensley,* 461 U.S. at 434. While representation by multiple legal counsel "can be productive," "the danger of duplication [is] a waste of resources which is difficult to measure." *Coulter,* 805 F.2d at 151-52. Trial courts "take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice,* 563 U.S. 826, 838 (2011).

Mr. Scott billed a total of 69 hours, Mr. Winters billed 81.6 hours, and Mr. McDermott billed 186.5 hours for a total of 337.1 hours. Given the detailed billing records submitted to the Court, which show that representation by multiple counsel was productive in this matter, the Court will not reduce the number of hours claimed in this case. The Court will therefore take the reasonable hourly rates arrived at and multiple them by the number of hours each attorney spent on this case to arrive at a lodestar calculation amount.

Multiplying Mr. Scott's 69 hours by the reasonable hourly rate of $400 yields $27,600. Multiplying Mr. Winters's 81.6 hours by the reasonable hourly rate of $350 yields $28,560. Finally, multiplying Mr. McDermott's 186.5 hours by the reasonable hourly rate of $275 yields $51,287.50. This provides a total lodestar fee amount of $107,447.50. Using Plaintiff's multiplier of 0.26 equals $27,936.35 in attorneys' fees.

The Court finds that Plaintiffs' counsel's requested costs are well-documented and reasonably necessary for this case and awards $1,007.85 in costs. (ECF No. 68-6.)

Adding the total attorneys' fees amount of $27,936.35 to the $1,007.85 in litigation costs equals $28,944.20.

9

IV.     CONCLUSION

For the reasons stated above, the parties' motion captioned, "Joint Motion for Approval of Settlement" (ECF No. 68) is **GRANTED in part and DENIED in part as amended by this Opinion and Order**.  The amount of the Settlement with the Plaintiff class is approved.  The parties are instructed to amend the Settlement to reflect the Court's award of **$27,936.35 in attorneys' fees and $1,007.85 in costs** and file an Amended Joint Motion for Approval of Settlement that reflects these changes within fourteen (14) days of the date of this Opinion and Order.

**IT IS SO ORDERED.**

/s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: December 21, 2021